UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HO TRAN,

                Plaintiff,

      v.

ARCTIC STORM MANAGEMENT GROUP, LLC; et al.,

                Defendants.

CASE NO. C06-1275RSM

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

    Plaintiff Ho Tran filed this complaint pursuant to the Jones Act, 46 U.S.C. § 688, seeking damages for injuries he received while working in defendant's employ. The matter is now before the Court for consideration of defendants' motion for partial summary judgment on the issues of negligence and unseaworthiness. Dkt. # 25. Plaintiff has opposed the motion. For the reasons set forth below, the Court shall deny defendants' motion.

FACTUAL BACKGROUND

    Plaintiff worked in the fish processing area of the F/V *Arctic Fjord*, a catcher-processor, mainly operating a fish-processing machine identified as a Baader # 2. Two people operate this machine as a team, one feeding fish into the machine and one controlling the speed of the belt. On August 9, 2005, while working as the belt operator, plaintiff fell from the workstation platform, suffering a head injury.

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

1  He incurred a concussion and is still under treatment for resulting symptoms, including loss of memory.

2  Plaintiff alleges his injury was caused by an unsafe condition in the work area, including the lack
3  of a guardrail on the right side of the workstation. Defendant has moved for summary judgment on the
4  basis that the plaintiff has stated no facts which would demonstrate negligence under the Jones Act, nor
5  an unseaworthy condition. Defendants have presented, in support of this motion, a letter from safety
6  expert Rick Gleason, stating that "[t]here were no machine guarding issues that were mentioned by Mr.
7  Ho Tran" and that "there were no OSHA violations that were identified on the day of the survey."
8  Declaration of David Bratz, Exhibit E. Plaintiff contends that this letter is unsworn and therefore does
9  not meet evidentiary standards for consideration under Rule 56.

10  Plaintiff, in his post-accident report, stated that he heard a strange noise coming from the Baader
11  machine, and turned. In doing so, he hit his head on part of the machine and fell.[1] Plaintiff could state
12  no more detail regarding the accident than this at his deposition. He asserts that his lack of memory
13  regarding events that may have caused his fall is attributable to post-accident amnesia, and is not evidence
14  of lack of negligence. Plaintiff offers the declaration of expert Steven Wiker, Ph.D., as evidence that
15  defendants were negligent in failing to provide a guardrail on the side of the workstation in addition to
16  the guardrail at the back. Declaration of Steven Wiker, ¶¶ 12-16.[2]

## DISCUSSION

18  Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and
19  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any
20  material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c).

---

[1] His statement, as written by a crew member who translated from Vietnamese to English, reads: "As I was spotting my partner I heard a strange noise coming from Baader #2. So [I] turn around to see if anything happen. As I was turning quickly my right side of my head hit the Baader cover and I was losing consciousness. When I was awaken I was in Jane's office to medicate." Supplemental Declaration of David Bratz, Exhibit H.

[2] Defendants have moved to strike unspecified portions of Dr. Wiker's declaration, described as "those portions . . . which are outside the scope and content of his expert report." Defendants' Reply, at 8, n. 5. As the Court cannot determine the portions to which defendants refer, nor that those portions are "impermissible rebuttal evidence" as asserted, the motion to strike is DENIED. Defendants may re-assert their scope and timeliness arguments prior to trial in a motion in limine if appropriate.

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotrex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may not be granted. *Id.* at 249-50. It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. *Id.* Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The Jones Act provides that "any seaman who shall suffer personal injury in the course of his employment may . . . maintain an action for damages at law, . . . and in such action all statutes of the United Stated modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. . . ." 46 U.S.C.§ 688. Plaintiff was a seaman within the meaning of the Jones Act on August 9, 2005.

In order to prevail on his negligence claim under the Jones Act, plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant was negligent, and that such negligence was the cause of injury to the plaintiff. Negligence is a cause of an injury if it played any part, no matter how small, in bringing about the injury, even if the negligence operated in combination with some other cause. *In re Hechinger*, 890 F. 2d 202, 208 (9th Cir. 1989); *cert. denied,* 498 U.S. 848 (1990); *Ribitzki v. Canmar Reading & Bates, Ltd. Partnership*, 111 F. 3d 658, 662 (9th Cir. 1997). However, the mere occurrence of an injury is not alone sufficient to create liability. The plaintiff must show that the employer's conduct fell below the required standard of care. *Gautreaux v. Scurlock Marine, Inc.,* 107 F. 3d 331, 335 (5th Cir. 1997) (*en banc*.)

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

In order to prevail on his claim of unseaworthiness under the Jones Act, plaintiff has the burden of proving by a preponderance of the evidence that the F/V *Arctic Fjord* was unseaworthy, and that the unseaworthy condition was a cause of his injury. A vessel is seaworthy if the vessel and its parts and equipment are reasonably fit for their intended purpose, and operated by a crew which is reasonably adequate and competent for the work assigned. Conversely, the vessel is unseaworthy if the vessel or any of its equipment is not reasonably fit for its intended purpose, or if its crew is not reasonably adequate or competent to perform the work assigned. *Ribitzki*, 111 F. 3d at 664. Unseaworthness is a cause of injury if it played a substantial part in bringing about injury to the plaintiff. *Ribitzki*, 111 F. 3d at 665.

A vessel owner has a duty to provide adequate safety equipment for the vessel. However, the vessel owner is not required to furnish an accident-free ship. The vessel owner is not required to have the best parts and equipment, nor the finest of crews; it is required to have what is reasonably proper and suitable for its intended use. *Mitchell v. Trawler Racer*, 362 U.S. 539, 550 (1960); *Lee v. Pacific Far East Line*, 566 F. 2d 65, 67 (9th Cir. 1977).

Defendants have moved for summary judgment on the basis that plaintiff has offered no evidence that defendants were negligent or had any notice of a hazardous condition in the Baader workstation area. Plaintiff has, however, offered expert testimony regarding the safety of the workstation area, and the advisability of having a guardrail in place to prevent falls such as plaintiff's. Viewing this evidence in the light most favorable to plaintiff, the non-moving party, the Court finds that a reasonable trier of fact might conclude that defendants were negligent, or the ship unseaworthy, in failing to provide this guardrail.

## CONCLUSION

While the mere occurrence of an injury is not alone sufficient to create liability, plaintiff has raised a genuine issue of material fact regarding the cause of his injury, and whether defendants were negligent in failing to provide a guardrail. Similarly, while the vessel owner is not required to furnish an accident-free ship, he must provide what is reasonably proper and suitable for its intended use. *Mitchell v.*

ORDER DENYING MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

*Trawler Racer*, 362 U.S. at 550; *Lee v. Pacific Far East Line*, 566 F. 2d at 67.  Here, there is an issue of fact as to whether a seaman, working at the Baader machine where he must use both hands to attend the equipment, should be protected with a guardrail at the side.   Defendants' motion for partial summary judgment is accordingly DENIED as to both the negligence and unseaworthiness claims.

Dated this 12th day of October, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 5